MORGAN, LEWIS & BOCKIUS LLP
Jeremy P. Blumenfeld (*pro hac vice* forthcoming)
2222 Market Street
Philadelphia, PA 19103
T: 215-963-5258
F: 215-963-5001
jeremy.blumenfeld@morganlewis.com

Dylan D. Rudolph (SBN 278707)
1400 Page Mill Road
Palo Alto, CA 94304
T: 650-843-7276
F: 650-843-4001
dylan.rudolph@morganlewis.com

Geneva C. Ramirez (*pro hac vice* forthcoming)
110 N. Wacker Dr., Ste. 2800
Chicago, IL 60606
T: 312-324-1595
F: 312-324-1001
geneva.ramirez@morganlewis.com

Anahi Cruz (SBN 324326)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: 213-612-7336
F: 213-612-2501
anahi.cruz@morganlewis.com

*Attorneys for Defendant Paramount Global*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLIE BURNETT,<br><br>*Plaintiff*,<br><br>v.<br><br>PARAMOUNT GLOBAL,<br><br>*Defendant*. | Case No.: 2:24-cv-10991<br><br>**DEFENDANT PARAMOUNT GLOBAL'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[Removed from Superior Court of California, County of Los Angeles, Case No. 24BHSC02356] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** Defendant Paramount Global ("Paramount"), by and through its counsel, hereby removes the above-titled action to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this removal, Paramount states as follows:

## I.    PLEADINGS, PROCESS, AND ORDERS

1. On or about October 28, 2024, Plaintiff Kylie Burnett ("Plaintiff") filed a claim in the Superior Court of the State California, County of Los Angeles, captioned *Kylie Burnett v. Paramount Global*, Case No. 24BHSC02356 (the "Complaint").

2. Plaintiff states no legal basis for her claims in the Complaint, but makes the following factual allegations:

> Was a part of the mass layoffs on 9/24 and WARN protected. Was told 2 weeks per year for severance – however then told my severance was inclusive of the 2 months WARN which is incorrect. Was told I was covered until 12/25 multiple times over email then told apologies. I am owed 1 month severance, my bonus for the year as others are being paid out. Was told we cannot file for unemployment which is illegal and incorrect. One of the interim CEOs Chris McCarthy told his team they would not be [handwriting indiscernible]. This seems extremely unethical and illegal [handwriting indiscernible].

*See* Declaration of Anahi Cruz ("Cruz Decl."), Ex. A.

3. For these alleged wrongs, she alleges that she is entitled to "1 month of severance, the cost of 3 small payday loans [she] had to take out due to Paramount's extremely delayed reimbursement for work expenses, and 75% - 100% of projected bonus." *Id.*

4. On November 22, 2024, Plaintiff served Paramount with the Complaint. True and correct copies of the Summons, Complaint, and all other

concurrently served documents are attached hereto as **Exhibit A** to the Cruz Decl.

5. **Exhibit A** constitutes all pleadings, process, and orders that have been served in the Superior Court action.

6. No proceedings have been held in the Superior Court action.

## II. REMOVAL IS TIMELY

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed on December 20, 2024, within 30 days of completion of service of process on Paramount (which was November 22, 2024) and within one (1) year of the commencement of this action.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. GROUNDS FOR REMOVAL AND FEDERAL JURISDICTION

### A. This Court Has Federal-Question Jurisdiction Over Plaintiff's Claims for Severance Pay

#### 1. Removal is Proper under 28 U.S.C. § 1331

9. Federal-question jurisdiction applies when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a claim generally arises under the laws and treaties of the United States if the complaint itself raises a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 29 U.S.C. § 1441.

10. Plaintiff's core allegation is that she was not paid severance owed to her by Paramount. Cruz Decl., **Ex. A** at 3 ("was told 2 weeks per year for severance – however then told my severance was inclusive of the 2 months WARN

which is incorrect. . . . I am owed 1 month severance"); *id.* at 4 (listing one month of severance among damages).

11. The Paramount Global Severance Plan (the "Plan")—a true and correct copy of which is attached as **Exhibit B** to the Cruz Decl.—is an "employee welfare benefit plan" under Section 3(1) of ERISA. *See* Cruz Decl., **Ex. B** at Art. 1 ("The Plan is intended to fall within the definition of an 'employee welfare benefit plan' under Section 3(1) of ERISA. This document serves as both the plan document and the summary plan description for the Plan for purposes of ERISA."). Accordingly, Plaintiff's primary claim appears to be one to "recover benefits due to [her] under the terms of [her] plan," pursuant to 29 U.S.C. 1132(a)(1)(B), and therefore expressly concerns a federal question—*i.e.*, whether Plaintiff is entitled to benefits under the federal ERISA statute. *See Youngman v. McGladrey*, LLP, Case No. Case No. 15-cv-1252, 2016 WL 1170993, at *3 (D. Nev. Mar. 22, 2016) (observing that plaintiff's "claim for refusal to pay his severance benefits is an action to recover benefits due to him under the terms of the plan," and "therefore could have brought his claim under ERISA, [29 U.S.C. § 1132(a)(1)(B)]) (cleaned up)).

12. This suffices for removal. Indeed, ERISA expressly provides that district courts have concurrent jurisdiction of actions for plan benefits under 29 U.S.C. § 1132(a)(1)(B). *See* 29 U.S.C. § 1132(e)(1) ("District courts of the United States shall have concurrent jurisdiction [with state courts] of actions under [29 U.S.C. § 1332(a)(1)(B)."); *see also Bogue v. Ampex Corp.*, 976 F.2d 1319, 1322–23 (9th Cir. 1992) (explaining severance plans are ERISA-governed employee benefits plan when they involved an ongoing administrative scheme).

13. Because Plaintiff's claim for unpaid severance benefits concerns federal law under ERISA, it establishes federal-question jurisdiction, rendering the entirety of this action removable to this Court under 28 U.S.C. § 1331. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) ("Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in

character by virtue of the clearly manifested intent of Congress. It therefore arise[s] under the . . . laws . . . of the United States, 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).").

**2. Any State-Law Claim For Severance Is Completely Preempted By ERISA, Which Also Confers Federal Subject Matter Jurisdiction**

14. To the extent Plaintiff seeks to recover allegedly unpaid severance via a state-law cause of action, such claims are completely preempted by ERISA.

15. Complete preemption confers original jurisdiction on a federal district court under 28 U.S.C. § 1331 over state-law causes of action that fall within the scope of certain federal statutes, including ERISA. *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, *even if pleaded in terms of state law*, is in reality based on federal law. *ERISA is one of these statutes.*") (internal quotations and citations omitted) (emphasis added). ERISA's civil enforcement provision, § 502(a) (29 U.S.C. § 1132(a)), is the exclusive remedy for ERISA violations and preempts any state-law claims. *Davila*, 542 U.S. at 208–09.[1]

16. The Ninth Circuit maintains that "[a] state-law cause of action is

---

[1] This Notice of Removal arises under "complete preemption," not "conflict preemption." ERISA contains two preemption provisions: ERISA § 502(a), codified at 29 U.S.C. § 1132(a) ("complete preemption"), and ERISA § 514(a), codified at 29 U.S.C. § 1144(a) ("conflict preemption"). *Emsurgcare v. UnitedHealthcare Ins. Co.*, --F. Supp. 3d--, No. 2:24-cv-03654-SB-E, 2024 U.S. Dist. LEXIS 103050, at *11 (C.D. Cal. June 7, 2024). State-law claims that fall within 29 U.S.C. § 1132(a) are "completely preempted," conferring federal question jurisdiction upon federal district courts over such claims. *Id.*, at *12 (citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009)). Since any state-law claims Plaintiff might allege to recover severance benefits necessarily would fall within ERISA's enforcement provisions, 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought by a participant or beneficiary to recover benefits due to [her] under the terms of [her] plan . . . ."), the "complete preemption" framework applies for preemption analysis.

completely preempted if (1) an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (internal quotations omitted) (quoting *Davila*, 542 U.S. at 210).

17. Because Plaintiff's severance pay claims are based on terms of the Plan and her claimed entitlement to additional severance benefits under the Plan, they are completely preempted by ERISA and give rise to federal subject matter jurisdiction.

18. Defendant does not believe that Plaintiff has asserted any other claims. To the extent Plaintiff's remaining allegations can be construed as stating the basis for some other claim, however (*see, e.g.*, Cruz Decl., Ex. A at 3 ("I am owed . . . my bonus for the year as others are being paid out.")), the Court can and should exercise supplemental jurisdiction over that other claim because they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding," so that all claims "form a part of the same case or controversy for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021). Put another way, if a civil action includes both—(1) a claim over which this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and (2) a claim not within the original or supplemental jurisdiction of this Court—then "the entire action may be removed if the action would be removable without the inclusion of the claim" not within this Court's original or supplemental jurisdiction. *See* 28 U.S.C. § 1441(c)(1). That is the case here.

### IV. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

19. **Venue.** Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1441(a) because this district embraces Los Angeles County, the county in which the Superior Court action is pending.

20. **Notice**. Paramount will properly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. CONCLUSION

21. Based on the foregoing, Paramount respectfully removes this action to this Court. If any question arises as to the propriety of the removal of this action, Paramount respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this case is removable. No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, are intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

Dated: December 20, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/Anahi Cruz
Jeremy P. Blumenthal*
Dylan D. Rudolph (SBN 278707)
Geneva C. Ramirez*
Anahi Cruz (SBN 324326)

*Attorneys for Defendant Paramount Global*

* *Pro hac vice* application to be filed

# CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of December 2024, a copy of the Notice of Removal was served, via Federal Express overnight, on Plaintiff at the following address:

Kylie Burnett

13934 Bora Bora Way, Unit 111

Marina del Rey, CA 90292

Dated: December 20, 2024          By: /s/Anahi Cruz